UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24543-CIV-WILLIAMS/MCALILEY

GLORIA SMITH,

    Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, *et al.*,

    Defendants.
_____/

### **REPORT AND RECOMMENDATION OF DISMISSAL**

This matter is before the Court *sua sponte*. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff, Gloria Smith, filed this action *pro se* against several defendants alleging errors in the servicing of her mortgage. (ECF No. 1). Plaintiff alleges that federal question jurisdiction exists based upon "False Claim Act Fraud Mortgage Insurance Claim U.S. Civil Stat 68.081." (*Id.* at 3). There is no such federal statute. The federal False Claims Act is codified at 31 U.S.C. § 3729-3733 and imposes liability upon those who have defrauded

the United States government. *See* 31 U.S.C. § 3729(a). The statute Plaintiff references is the *Florida* False Claims Act. *See* Fla. Stat. § 68.081. Given that Plaintiff's suit is based solely upon state law, this Court's subject matter jurisdiction cannot rest upon federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The Court recognizes that Plaintiff is proceeding without counsel and, therefore, has considered whether diversity jurisdiction exists. Under 28 U.S.C. 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C.§1332. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (quotation marks and citation omitted). Plaintiff alleges that she is a citizen of Florida, (ECF No. 1 at 3), and that one of defendants, Select Portfolio Servicing, is located in Jacksonville, Florida (*id*. at 2). It appears from the Complaint that Plaintiff and a Defendant share Florida citizenship, and thus complete diversity is lacking. Plaintiff also alleges that her damages are $21,740.16, (*id*. at 4), which is well below the required $75,000 minimum threshold. For these reasons, the Complaint fails to establish diversity jurisdiction.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court dismiss this action without prejudice for lack of subject matter jurisdiction and deny all pending motions as moot.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 12th day of November, 2020.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Gloria Smith, *pro se*